**In the Matter of the Complaint of IONIAN GLOW MARINE, INC., as Owner of the M/V STAR LIGHT for exoneration from or limitation of liability, Appellant,**

v.

**UNITED STATES of America, Appellee,**

and

**Donald Miller, Defendant,**

**American Institute of Merchant Shipping, Council of American-Flay Ship Operators, Federation of American Controlled Shipping, The London Steam-Ship Owners' Mutual Insurance Association Limited, The North of England Protecting and Indemnity Association Limited, The Oceanus Mutual Underwriting Association (Bermuda) Ltd, The West of England Ship Owners Mutual Protection and Indemnity Association (Luxembourg), Amici Curiae.**

No. 81–1466.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 8, 1981.

Decided Jan. 26, 1982.

Richard T. Robol, Charles R. Dalton, Jr., Norfolk, Va. (Seawell, Dalton, Hughes & Timms, Norfolk, Va., on brief), for appellant.

Thomas L. Jones, Dept. of Justice, Washington, D. C. (Stuart E. Schiffer, Acting Asst. Atty. Gen., Washington, D. C., Justin W. Williams, U. S. Atty., Alexandria, Va., Mark A. Dombroff, Dept. of Justice, Washington, D. C., on brief), for appellee.

Kieron F. Quinn, M. Hamilton Whitman, Jr., Ober, Grimes & Shriver, Baltimore, Md., on brief, for amici curiae.

Before WIDENER, ERVIN and CHAPMAN, Circuit Judges.

---

CHAPMAN, Circuit Judge.

On March 4, 1979, the USS FRANCIS MARION and the M/V STAR LIGHT, a Greek flag cargo vessel collided off Cape Henry, Virginia. Both vessels sustained damages. Two Navy officers and a crewman on board the FRANCIS MARION were injured.

Appellant, Ionian Glow Marine, Inc., owner of the M/V STAR LIGHT brought suit seeking apportionment of damages under the divided damage rule in mutual fault collision cases in admiralty. The parties agreed that 65 percent of the government's provable damages would be paid by Ionian Glow and 35 percent of Ionian Glow's provable damages would be paid by the government. The issue of what damages were provable was left for the district court's determination.

As part of its provable damages, appellant claims $700,000 it paid in settlement of claims brought by the three injured servicemen. The servicemen's exclusive remedy against the government is a compensation claim under Veterans Benefits Act, 38 U.S.C. § 321 *et seq.* The government argues that to require it to pay 35 percent of Ionian Glow's settlement with the servicemen would subject it to indirect liability on a claim that could not directly be brought against the government. The district court agreed, holding that such a recovery would run afoul of the rule in *Feres v. U. S.*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950) and *Stencel Aero Engineering Corp. v. U. S.*, 431 U.S. 666, 97 S.Ct. 2654, 52 L.Ed.2d 665 (1977). The only issue on appeal is whether the payments made to the three servicemen are proper items of appellant's damages. We hold that they are.

The Supreme Court in *Feres* held that servicemen could not bring an action against the government under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* for injuries sustained while on duty. This rule was extended to indemnity suits brought against the government by third parties who had paid servicemen's claims in *Stencel Aero*. It is, therefore, beyond question that if this present suit were in the

form of an indemnity suit under the FTCA it would be barred. We are faced instead with a mutual fault collision case in admiralty under the long established rule of divided damages. The crucial question is how that traditional rule is affected by the *Feres-Stencel Aero* doctrine. We think that it is not.

The question of whether immunity of one shipowner from suit by a third party prevents the other shipowner in a mutual fault collision from including as a proper item of damages payment of claims to that third party was first addressed by the Supreme Court in *THE CHATTAHOO-CHEE*, 173 U.S. 540, 19 S.Ct. 491, 43 L.Ed. 801 (1899). A provision of the *Harter Act*, 46 U.S.C. §§ 190–195 barred direct claims by cargo owners against the carrying vessel for negligent navigation. In *THE CHATTAHOOCHEE*, the cargo owner recovered against the non-carrying vessel owner. In allowing the non-carrying vessel to include the judgment in its provable damages, the Court held that even though immunity from liability was provided by statute the admiralty rule requires the carrying vessel to bear its proportionate share of the entire loss.

The rule announced in *THE CHATTA-HOOCHEE* was reaffirmed by the Supreme Court in *Weyerhaeuser Steamship Co. v. U. S.*, 372 U.S. 597, 83 S.Ct. 926, 10 L.Ed.2d 1 (1963). A U. S. civil service employee was injured as a result of a mutual fault collision between a private vessel and an army dredge on which he was working. The private vessel owner settled a claim brought by the civil service employee for $16,000. A mutual fault collision suit was brought by the private shipowner under the Public Vessels Act, 46 U.S.C. § 781 *et seq.*, which requires the government to be treated as a private shipowner in admiralty suits. Though the government is immune from direct suit by the employee because of the exclusive remedy provisions of the Federal Employee Compensation Act, 5 U.S.C. § 8132, the Court allowed the $16,000 to be included as a proper item of damages. After recognizing that the admiralty rule of divided damages had, for more than 100

years, clearly governed the correlative rights and duties of shipowners in mutual fault collisions, the Court states:

Long ago this Court held that the full scope of the divided damages rule must prevail over a statutory provision which, like the one involved in the present case, limited the liability of one of the shipowners with respect to an element of damages incurred by the other in a mutual fault collision. *The Chattahoochee*, 173 U.S. 540 [19 S.Ct. 491, 43 L.Ed. 801].

372 U.S. at 603, 83 S.Ct. at 930.

Nothing in *Feres, Stencel Aero,* or the cases that follow convinces us that the Supreme Court intended to alter the *Weyerhaeuser* rule. Until that Court expresses its intention to modify the rule in *Weyerhaeuser,* we are bound to follow it. Hence, we hold that the *Feres-Stencel Aero* doctrine does not preclude the inclusion of the servicemen's claims as a proper item of appellant's damages.

JUDGMENT REVERSED.